# Holmes *v.* Cameron et al., Appellants.

*Contract—Sale—"Noils"—Sample—Mistake—Mutual mistake— Absence of consideration—Acts of April 13, 1887, P. L. 21, and May 19, 1915, P. L. 543—Impossibility of performance—Tender—Case for jury.*

1. In the sale of goods by sample there is an implied warranty that the bulk shall correspond with the sample in quality, under

the Acts of April 13, 1887, P. L. 21, and May 19, 1915, P. L. 543. The buyer is entitled to goods corresponding to the sample, and the fact that the seller did not have them in stock, is no excuse, where there is no allegation or proof that he could not have procured them; neither is it an excuse that the seller made a mistake in the sample.

2. A mistake of one of the parties only in the expression of his agreement or as to the subject-matter, not known to the other, does not affect its binding force, and is no ground for its rescission even in equity, unless it is such a mistake as to show that there is a complete difference in substance between what is supposed to be and what is taken, so as to constitute an absence of consideration.

3. Where there is a mutual mistake, that is, where both parties are mistaken, for example, as to the subject of a contract, equity will grant relief; but the misconception which avoids a contract is necessarily a mutual one, and of a fact which entered into the contemplation of both parties as a condition of the assent. If the purchaser was not mistaken, nor guilty of fraud, he cannot be deprived of the benefit of his contract.

4. A contract to perform an impossible thing may be void, but it must be impossibility, not difficulty, that will excuse performance of a contract. The fact that it would involve a hardship is no excuse.

5. Where the subject-matter of a contract of sale is a certain quantity of noils, a by-product of wool, as per sample "No. 492," any noils corresponding to the sample will satisfy the contract, inasmuch as "No. 492" is a sample number, and does not confine the contract to a single lot of noils. If it appears that the seller could have procured noils to satisfy the contract both in quality and quantity, the case is not one where performance is impossible.

6. If, in such case, the seller asserts that he tendered to the purchaser, blended noils equal in all respects, if not superior, to the sample, and the purchaser denies the tender, and corroborates his testimony by a letter which he wrote to the seller offering to accept noils of equal quality to the sample, and to which he received no answer, the question of tender is one for the jury.

Argued March 24, 1920.   Appeal, No. 244, Jan. T., 1920, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1918, No. 250, on verdict for plaintiff, in case of Thomas Holmes v. Alpin J. Cameron and William P. Denegre, trading as A. J. Cameron & Co.

Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for breach of contract to deliver 108 bags of noils. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,698.92. Defendants appealed.

*Errors assigned* were (1) refusal of instructions for defendant, (2, 3) refusing points, and (4) in overruling defendant's motion for judgment n. o. v.

*Ralph B. Evans,* of *Prichard, Saul, Bayard & Evans,* for appellant cited: Riegel v. American Life Ins. Co., 153 Pa. 134; Muhlenberg v. Henning, 116 Pa. 138; McDonald v. Kimmell, 70 Pa. Superior Ct. 282.

*Lester B. Johnson,* with him *Lewis H. Van Dusen,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 12, 1920:

This action is by a vendee for breach of contract in the sale of merchandise. Both parties are dealers in wool, the plaintiff at Boston and the defendant at Philadelphia. On September 28, 1917, by written contract, defendants sold plaintiff 108 bags (10,800 pounds) of noils, a by-product of wool, at 48 cents a pound, as per defendants' sample No. 492. A week later they wrote plaintiff that it would not be possible for them to deliver the noils as they had made a mistake in the sample and had none of that grade. Meantime there had been a sharp advance in the price of wool and the market value of the noils in question had risen to $62\frac{1}{2}$ cents a pound, and the plaintiff insisted upon delivery according to contract. Sample No. 492 was of recombed noils, of which defendants had but 7 bags, but they also had

combed noils of different grades and greatly inferior quality, which latter plaintiff declined to accept. Negotiations followed during which defendants assert they tendered plaintiff blended noils equal in all respects, if not superior, to sample No. 492, which they contend he refused to accept; he denies the tender and corroborates his testimony by a letter he wrote defendants offering to accept 108 bags of noils of quality equal to the sample, to which he received no answer, and thereafter brought this suit. The trial judge submitted the case to the jury, including the question of the tender, and a verdict was rendered for plaintiff for the difference between the contract price and the market value of the noils in question: from judgment entered thereon defendants brought this appeal.

The contract was admitted and there was neither allegation nor proof that defendants could not have procured noils to satisfy its terms; hence, practically the only defense was the alleged tender; and, the jury having found that adversely to defendants, their appeal is without merit.

In the sale of goods by sample there is an implied warranty that the bulk shall correspond with the sample in quality: Act of April 13, 1887, P. L. 21; also sections 16 and 18 of the Sales Act of May 19, 1915, P. L. 543, Purdon's Digest, vol. 6, p. 7472. It follows that plaintiff was entitled to goods corresponding to the sample and the fact that defendants did not have them in stock was no excuse; neither was the fact that they made a mistake in the sample. There is nothing to take this case out of the general rule that, in the absence of fraud, a party will not be relieved from a contract because of his own mistake. Corpus Juris, vol. 13, p. 373, states that, "A mistake of one of the parties only in the expression of his agreement or as to the subject-matter, not known to the other, does not affect its binding force, and is no ground for its rescission even in equity, unless it is such a mistake as to show that there is a complete dif-

ference in substance between what is supposed to be and
what is taken, so as to constitute an absence of consider-
ation." Benjamin on Sales (6 Am. ed.), vol. 1, p. 534,
says, "Where the mistake is that of one party only to
the contract, and is not made known to the other, the
party laboring under the mistake must bear the conse-
quences, in the absence of any fraud or warranty." See
also Am. & Eng. Enc. of Law (2d ed.), vol. 20, p. 813, and
Cosgrove v. Woodward, 49 Pa. Superior Ct. 228. Where
there is a mutual mistake, that is, where both parties are
mistaken, for example, as to the subject of the contract,
equity will grant relief: Trexler v. Fisher, 130 Pa. 275;
Riegel v. American Life Ins. Co., 153 Pa. 134; Blygh v.
Samson, 137 Pa. 368; Goettel v. Sage, 117 Pa. 298.
"But the misconception which avoids a contract is neces-
sarily a mutual one, and of a fact which entered into the
contemplation of both parties as a condition of their as-
sent": from opinion of Chief Justice GIBSON in Gibson
v. The Union Rolling Mill Company, 3 Watts 32, 37.
Here plaintiff was not mistaken nor guilty of fraud, and,
hence, cannot be deprived of the benefit of his contract.
It is not like the Michigan cow case (Sherwood v. Walk-
er, 66 Mich. 568), which was ruled on the ground of a
mutual mistake of fact.

So far as appears, defendants could have procured
noils to satisfy the contract, both in quality and quantity,
therefore, it is not a case where performance was impos-
sible. "A contract to perform an impossible thing may
be void; but it is never impossible to procure and deliver
an article of commerce which may be had in the market
in some quarter of the world": Myers v. Drake, 10
Watts 110. "It must be impossibility, not difficulty,
that will excuse from performance of a contract": Hul-
ing v. Craig, Add. 342. The fact that it would involve
a hardship is no excuse. "Inconvenience or the cost of
compliance though they might make compliance a hard-
ship, cannot excuse a party from the performance of an
absolute and unqualified undertaking to do a thing that

is possible and lawful": 6 R. C. L. 997; Corona C. & C. Co. v. Dickinson et al., 261 Pa. 589, 592; Young v. Equitable Gas Co., 5 Pa. Superior Ct. 232. As the performance here was not impossible, it is unnecessary to consider to what extent and under what circumstances such impossibility would relieve from the obligation of a contract.

Defendants' second point, viz: "If you believe that the sample by which the sale was made was a sample of recombed noil and that the defendant had only seven bags of recombed noil of lot No. 492, the contract was impossible of performance and the defendant thereupon is excused, and your verdict should be for the defendant," was properly refused, for, as above stated, the mere fact that defendants did not have sufficient noils in stock was no excuse; so far as appears, they might have been procured elsewhere. The No. 492 was a sample number and did not confine the contract to a single lot of noils. It is not like the case of lumber to be made from the timber on a certain defined tract of land (Switzer v. Pinconning Mfg. Co., 59 Mich. 488), for here any noils corresponding to the sample would have satisfied the contract.

Defendants' fourth point, viz: "If you believe that the noils which the defendant offered to deliver were of the same quality as the sample of No. 492 recombed noils and that the plaintiff refused the tender, this would relieve the defendant from any obligation under the contract and your verdict should therefore be for the defendant," was also properly refused, for it assumes a tender of noils by defendants, in an effort to carry out the contract, when the question of such tender was an issue before the jury.

The assignments of error are overruled and the judgment is affirmed.