## D. HUMPHREYS v. NAT'L BENEFIT ASS'N.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 5, 1890—Decided January 5, 1891.

[To be reported.]

1. A contract of insurance must have a reasonable interpretation, such as was probably in the contemplation of the parties when it was made; and when the words of a policy are, without violence, susceptible of two interpretations, that which will sustain a claim to the indemnity it was the object of the assured to obtain, should be preferred.

(a) An accident insurance company issued a policy to one who was known to the company's general agent to have but one eye, providing, inter alia, for the payment of $1,000 to the assured, in case of his permanent disability by "the total and permanent loss of the sight of both eyes," from accidental bodily injuries received while the contract should be in force:

2. The knowledge of the general agent being the knowledge of the company itself, which therefore must be assumed to have known that it was insuring a man with one eye, the policy must be construed as insuring against the loss of eyesight by the destruction of that eye; not-

Statement of Facts.

withstanding the risk of the contract to the insurer was greater than if the assured had had two eyes.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 199 October Term 1890, Sup. Ct.; court below, No. 453 April Term 1889, C. P. No. 2.

On March 13, 1889, David Humphreys brought assumpsit against the National Benefit Association of Indianapolis, Indiana, upon a contract of insurance against accidental injuries, made by the defendant company with the plaintiff on September 12, 1887, by a certificate or policy bearing date that day.

By said certificate, the defendant undertook, in the event of the plaintiff's death from accidental bodily injuries, to pay "not to exceed the maximum sum of one thousand dollars;" or, in case of his total disability from such injuries, a weekly indemnity for not more than thirty-two consecutive weeks. The certificate stipulated further as follows:

"Or, in case such injury results in permanent disability by the loss of one or more limbs, or both eyes, within a period of ninety days from the happening of such injury, and the member still survives, then, in lieu of all other benefits under this contract, and upon the surrender of this certificate, will pay for the severance from the body of one hand or one foot, one third of the principal sum named herein, and for the severance from the body of both hands or both feet, or one hand and one foot, or the total and permanent loss of the sight of both eyes, the whole of the principal sum named herein. . . . . .

"Provided always, that no claim, in any case, shall ever accrue, or be payable, unless the said bodily injuries were received while this contract is in force, and were undoubtedly inflicted by external, violent and accidental means, which, entirely independent of all other causes, immediately as to time and cause, wholly disable and continuously prevent him from the prosecution of any and every kind of business. . . . . .

"In case of accidental death or permanent disability, all benefits that have been paid within twelve months next preceding the date of the injury causing such death or disability, shall be counted in diminution of the sum to be paid on account of

Charge of Court below.

such loss, and in no case shall it exceed the maximum sum named therein. . . . .

"No agent can, by act or agreement, waive any forfeiture, or in any manner change the terms and conditions of this contract."

Issue being joined, the case was tried on April 7, 1890, when it was shown that the plaintiff, who had lost his right eye years before the certificate was issued, received on June 15, 1888, an accidental injury which totally destroyed the sight of his remaining eye. There was testimony to show that the soliciting agent of the defendant, one Beebe, who took the plaintiff's application for insurance and received one half of the premium thereon, and the general agent of the company, at Pittsburgh, through whose office the certificate was issued to the plaintiff and to whom the remaining half of the premium was paid, both knew, at the time the insurance was effected, that the plaintiff then had but one eye; and that the soliciting agent represented to him that he would be entitled to recover $1,000, in case he lost that eye. The plaintiff had received from the defendant forty dollars on account of his injury.

At the close of the testimony the court, WHITE, J., submitted the case to the jury, reserving the questions of law raised by the following points presented by the defendant:

1. The plaintiff having admitted in his statement of claim, in this case, that he had lost one eye before the certificate or policy sued on was issued, he cannot recover in this action for the loss of the sight of both eyes.

2. If plaintiff, as he admits, had lost the sight of one eye before the certificate or policy in suit was issued, he would not in any event be entitled to recover more than at the rate of five dollars per week, during the period of his disability, not exceeding thirty-two weeks, and amounting in all to one hundred and sixty dollars, less forty dollars paid to plaintiff on account of the injury he sustained.

—The jury returned the following special verdict.

We find for the plaintiff one thousand fifty-six dollars, being the sum of nine hundred sixty dollars, with interest from August 20, 1888, and also find the following facts:

That at the time plaintiff made his application and got his

certificate, he had but one eye, which fact was known to Beebe, the soliciting agent of the defendant company, who secured the application and policy, and to Cunningham, the general agent of the defendant company, who received one half of the premium, and paid seven dollars as benefits for an injury sustained in December, 1887.

This verdict is subject to the opinion of the court in banc on the question of law reserved under the first and second points presented by the defendant, to wit, whether, under the policy or certificate a copy of which is attached hereto :

1. Is the plaintiff entitled to recover the full amount of one thousand dollars, having only one eye at the time the certificate was issued ?

2. If not the one thousand dollars, is he entitled to recover one hundred sixty dollars, being five dollars per week for thirty-two weeks ? If only on this footing, the amount due plaintiff will be one hundred thirty-two dollars.

After argument upon the questions reserved, the court, WHITE, J., entered judgment for the plaintiff for $132, in accordance with the following opinion :

The jury have found that an imposition was practiced upon the plaintiff in inducing him to take forty dollars, when it was virtually conceded he was entitled to one hundred sixty dollars, on his certificate; that is, that he was entitled to five dollars a week for permanent disability, limited by the certificate to thirty-two weeks. But the main question is, was he entitled to the one thousand dollars for the loss of " both eyes ? " He had but one eye, at the time he became a member of the association and got his certificate. The accident resulted in the loss of that eye, and having lost the other eye many years before, this resulted in a total loss of sight. Is it the loss of " both eyes," in the meaning of the certificate ?

The soliciting agent, and the general agent of the company in Pittsburgh, knew he had but one eye. There was, therefore, no concealment or deception practiced by the plaintiff. The soliciting agent, Beebe, represented that in case he lost that eye he would be entitled to recover one thousand dollars. But that was a mere opinion, which would not bind the company.

Opinion of Court below.

The terms of the certificate are peculiar. "For the severance from the body of both hands or both feet, or one hand and one foot, or the total and permanent loss of the sight of both eyes," the association will pay one thousand dollars; for the severance of "one hand or one foot," one third of that sum. There is nothing specified for the loss of one eye. In a previous part of the policy it speaks, "if such injury results in permanent disability by the loss of one or more limbs or both eyes." The eye is a member of the body, but not a limb.

The condition of the policy is "the total and permanent loss of the sight of both eyes." And the proviso says, "No claim, in any case, shall ever accrue or be payable, unless the said bodily injuries were received while this contract is in force, and were undoubtedly inflicted by external violent and accidental means, which, entirely independent of all other causes, immediately as to time and cause, wholly disable and continuously prevent him from the prosecution of any and every kind of business."

We cannot make a contract between parties. We must take the one they have made. There is no provision for the loss of one eye. The plaintiff had but one to lose when he became a member. He had two hands and two feet, and for the loss of one or more of them he would get the specified amount. But I think he comes within the provision for the weekly allowance, which says, "in case of accidental bodily injuries that immediately, continuously and totally disable him," he is to receive not exceeding five dollars per week, for not exceeding thirty-two consecutive weeks.

The first reserved question is therefore decided in favor of the defendant, and the second in favor of the plaintiff; and it is ordered that judgment be entered on the verdict in favor of the plaintiff for one hundred thirty-two dollars. And now May 20, 1890, it is so ordered.

—Thereupon the plaintiff took this appeal, specifying that the court erred:

1. In deciding in favor of the defendant the first reserved question, to wit: "Is the plaintiff entitled to recover the full amount of one thousand dollars, having only one eye at the time the certificate was issued?"

Arguments.

*Mr. J. W. Kinnear*, for the appellant :

The agent's knowledge, before the policy was issued, that the plaintiff had but one eye, was the knowledge of the principal : May on Insurance, 146 ; Peoples' Ins. Co. v. Spencer, 53 Pa. 353. The contract should be construed according to the sense in which the defendant believed the plaintiff to have accepted it : 2 Kent Com., 557 ; Hoffman v. Insurance Co., 32 N. Y. 405. If it is susceptible of two interpretations, without violence, that should be adopted which is most favorable to the insured, in order to indemnify him for the loss he has sustained : Teutonia Ins. Co. v. Mund, 102 Pa. 89 ; Hoffman v. Insurance Co., 32 N. Y. 405 ; Burkhard v. Insurance Co., 102 Pa. 262. No violence would be done to this contract, by interpreting it to mean that the defendant engaged to pay $1,000 for the entire and permanent loss of sight, whether the assured had one or two eyes. If the insurance was effected, with full knowledge on the part of the agent that the risk was increased by the fact that the plaintiff had but one eye, such increased risk cannot be set up as a defence : Peoples' Ins. Co. v. Spencer, 53 Pa. 353.

*Mr. Charles P. Orr* (with him *Mr. Thomas C. Lazear*), for the appellee :

An insurance policy must be construed in the same manner and by the same rules as any other contract. It is a contract of indemnity, not against past occurrences, but against possible futurities. The plaintiff's permanent disability is not the sole result of the injury he received during the term of the policy, but depends upon his prior loss of the right eye. It is necessary under the express terms of the certificate, to make the defendant liable for the $1,000, that he should have lost " both eyes " within ninety days from the happening of the injury, and that the sole cause of such loss should be bodily injuries received while the contract was in force. Any conversations, representations, or knowledge, on the part of the agent, as to the plaintiff's semi-blindness when the policy was issued, cannot alter the contract; for the clause in it limiting the powers of agents to make such alterations is binding on the assured : Pottsville Ins. Co. v. Improvement Co., 100 Pa. 142; Waynesboro Ins. Co. v. Conover, 98 Pa. 385; Greene v.

Insurance Co., 91 Pa. 387; Mentz v. Insurance Co., 79 Pa. 475.

OPINION, Mr. CHIEF JUSTICE PAXSON:

The only assignment of error is, that the court below erred in deciding in favor of the defendant company the first reserved question, viz.: "Is the plaintiff entitled to recover the full amount of one thousand dollars, having only one eye at the time the certificate was issued?"

The jury have found specially "that, at the time plaintiff made his application and got his certificate, he had but one eye, which fact was known to Beebe, the soliciting agent of the defendant company who secured the application and policy, and to Cunningham, the general agent of the defendant company who received one half of the premium and paid seven dollars as benefits for an injury sustained in December, 1887."

The knowledge of the general agent of the company was the knowledge of the company itself: Peoples' Ins. Co. v. Spencer, 53 Pa. 353. Hence we must assume that the company knew it was insuring a person with only one eye. Against what did it insure him? The paragraph in the certificate, referring to permanent disability, is as follows:

"Or, in case such injury results in permanent disability by the loss of one or more limbs, or both eyes, within a period of ninety days from the happening of such injury, and the member still survives, then, in lieu of all other benefits under this contract, and upon the surrender of this certificate, will pay for the severance from the body of one hand or one foot, one third of the principal sum named herein, and for the severance from the body of both hands or both feet, or one hand and one foot, or the total and permanent loss of the sight of both eyes, the whole of the principal sum named herein."

It is evident the plaintiff was seeking insurance against the total and permanent loss of his sight; the company insured him against that, or it did not insure him at all, which is not to be considered. There appears to have been no fraud or concealment practiced by the plaintiff upon the company, and we are not willing to believe that the latter took his premium without giving any insurance as regards his eyesight. The loss of one eye to him, was precisely the same as the loss of

Opinion of the Court.

both eyes to an ordinary man. It is total blindness in either case. There is no provision in the policy for the loss of one eye, as there is for the loss of one arm or one leg. The reason is plain. The loss of one eye does not produce a "total and permanent loss of sight." For all practical purposes a man with one eye can still follow his occupation and gain his living, while the loss of an arm or leg is a disability which seriously interferes with his ability to earn his bread. Hence it was that the policy provided, or rather defined, the loss of sight as the loss of both eyes. It was the loss of sight which was insured against, and this was just as complete in the plaintiff's case as though both eyes had been lost during the life of the policy.

Assuming that the company intended to insure the plaintiff against something, and that that something was the loss of his sight, the most that can be said is, that, having but one eye, the risk was increased; but the risk was not increased after the policy was issued; the general agent knew precisely what the risk was when he took it; and neither he nor the company can be now heard to aver that the risk was greater in the case of a man with one eye, than of one with two: Peoples Ins. Co. v. Spencer, supra; May on Insurance, 146.

There can be no reasonable doubt that the plaintiff paid his premium, and accepted the policy, under the belief that the words "total and permanent loss of the sight of both eyes" were the equivalent of the loss of eyesight. He had a right to assume this, in view of the fact that the policy was issued to him with knowledge on the part of the general agent that he had but one eye. A contract of insurance must have a reasonable interpretation; such as was probably in the contemplation of the parties when it was made: Grandin v. Insurance Co., 107 Pa. 26. Is it reasonable that the parties did not intend the policy to cover the matter of eyesight at all? Yet, this is the conclusion we must come to, if we sustain the defendant's contention. Where the terms of a policy are susceptible, without violence, of two interpretations, that construction which is most favorable to the insured, in order to indemnify him against loss sustained, should be adopted: Teutonia Ins. Co. v. Mund, 102 Pa. 89; Burkhard v. Insurance Co., 102 Pa. 262. And, in Hoffman v. Insurance Co., 32 N. Y. 405, it was held that no rule in the interpretation of a policy is more fully

Statement of Facts.

established, or more imperative and controlling, than that which declares that in all cases it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure. When the words are, without violence, susceptible of two interpretations, that which will sustain his claim, and cover the loss, must in preference be adopted.

The judgment is reversed, and it is now ordered that judgment be entered for the plaintiff upon the first reserved question.

Argued November 5, 1890—Decided January 5, 1891.