## Elder v. The Western & Southern Life Insurance Company, Appellant.

Argued April 26, 1934.

Before Trexler, P. J., Keller, Cunning-ham, Baldrige, Stadtfeld, Parker and James, JJ.

*D. C. Jennings* for appellant,

*Ben Paul Jubelirer*, for appellee,

Per Curiam, July 13, 1934:

The Western & Southern Life Insurance Company issued two industrial policies to John D. Elder, the plaintiff. There was a disability provision attached

to the policies which provided that if the insured shall "lose permanently the sight of both eyes, the company will pay," etc.

At the time the policies were issued, the plaintiff had lost the sight of one eye and the agent of the company knew that it had been lost. The company contends that the disability following the loss of the second eye was not within the coverage of the policies.

In Humphreys v. Benefit Assn., 139 Pa. 264, 20 A. 1056, the facts were identical and the provision of the policy was substantially the same as in the present case. It provided for "the total and permanent loss of the sight of both eyes." The Supreme Court held that this was the equivalent of the loss of eyesight and the plaintiff was entitled to recover. That case rules the present.

The appellant tries to draw a distinction between the two cases in that the Humphreys' case involved a policy of accident insurance only, while the present suit is on policies of life insurance to which certain contingencies were added. We fail to see why this should make any difference in the construction of the words. The Supreme Court having construed what is in all respects a provision identical with the one now in question, it will do no good to indulge in any further comments.

The judgment of the lower court is affirmed.