Vrabel *v.* Scholler (et al., Appellant).

236

Argued November 26, 1951. Before Drew, C. J., Stern, Stearne, Bell, Ladner and Chidsey, JJ.

Peter P. Zion, with him Leonard Green and Zion & Kaliner, for appellant.

George P. Williams, Jr., with him Webster S. Achey, Orr, Williams & Baxter and Achey & Power, for appellee.

OPINION BY MR. JUSTICE BELL, January 7, 1952:

Vrabel was injured by the negligent operation of an automobile by Scholler, against whom he recovered a verdict and judgment in the amount of $5,500. Scholler notified Penn Mutual Indemnity Company, which is one of the defendants herein, and the Colonial Mutual Casualty Company (as an additional insurer), of plaintiff's claim, and requested each of them to defend the trespass action brought by Vrabel against him.

Plaintiff issued a writ of attachment execution and served defendant company as garnishee on the theory that it was Scholler's insurance carrier. Defendant garnishee, in response to plaintiff's written interrogatories, answered, inter alia, (1) that it had issued and delivered to Scholler a liability insurance policy effective February 5, 1948, but that the policy had been issued under a mutual mistake of fact and therefore was void; and (2) that the insurance policy was issued upon a condition precedent, viz., that a financial responsibility certificate which, under the law of Pennsylvania, was required to be furnished on behalf of Scholler, had not been accepted by the Department of Revenue of the Commonwealth of Pennsylvania and consequently the policy was not in force on March 20,

1948, *the date of the accident;* and (3) that even if it were liable under its policy, it would be liable only pro rata for its proportionate amount of the insurance along with another co-insurer.

Prior to February 5, 1948, Scholler had been deprived of his operator's license because of operating an automobile under the influence of intoxicating liquor, and under the Pennsylvania Uniform Liability Security Act* it became necessary for him to obtain liability insurance. The Colonial Mutual Casualty Company issued a policy (date undisclosed) insuring Scholler and filed a financial responsibility certificate with the Department of Revenue. *The Department accepted the certificate and issued a license to Scholler to operate a motor vehicle in Pennsylvania.* Scholler, erroneously believing the policy of Colonial Mutual Casualty Company would be cancelled by Colonial *as of February 5,* 1948, applied to the present garnishee for the present one year policy, *which it issued and delivered to Scholler* on February 15, *effective as of February 5, 1948.* The garnishee attempted *on February 5,* 1948, and on March 8, 1948 to file its certificate of financial responsibility with the Department of Revenue, but each filing was refused *because an acceptable certificate was then on file and in effect from another company.* By letter of its attorney dated *April 5,* 1948, *over two weeks after the accident, defendant garnishee cancelled the policy* which it had issued to the defendant, Scholler, and offered to return the premium.

The court entered a summary judgment for plaintiff on the pleadings. Three important questions are involved: (1) Was the mutual mistake of fact which defendant alleged sufficient in law to void the insurance policy which it issued before and cancelled after

---

* May 15, 1933, P. L. 553, as amended, 75 P.S. 1253.

the insured's accident; (2) Was it a condition precedent that the financial responsibility certificate prepared by garnishee be accepted by the Revenue Department before this insurance policy could go into effect; and (3) Was it liable (if at all) for the full amount of the insurance or only pro rata with its coinsurer?

We approach this case in the light of the well established principle that a summary judgment should be entered on pleadings only in a case that is clear and free from doubt: *Waldman v. Shoemaker*, 367 Pa. 587, 80 A. 2d 776; *Kittaning Coal Co. v. Moore*, 362 Pa. 128, 132, 66 A. 2d 273; *Shaull v. Beck Shoe Co., Inc.*, 369 Pa. 112, 85 A. 2d 698.

(1) The mutual mistake of fact upon which defendant garnishee relies is apparently the belief of Scholler and of the garnishee that Scholler's policy of insurance with the Colonial Mutual Casualty Company would and did expire *February 5, 1948.* "A contract [made under] a mutual mistake as to an essential fact which formed the inducement to it, may be rescinded on discovery of the mistake, if the parties can be placed in their former position with reference to the subject matter of it": *Blygh v. Sansom*, 137 Pa. 368, 377, 20 A. 996.

". . . it is not every [mutual] mistake, which will enable the party to avoid the contract; for, to have this effect, it must be of its essence, the sine qua non of the contract . . .": *Miles v. Stevens*, 3 Pa. 21, 37. Cf. also, *Holmes v. Cameron*, 267 Pa. 90, 110 A. 81; *Gibson v. Union Rolling Mill Co.*, 3 Watts 32, 37. We do not consider that the mistake of fact alleged in this case was an essential inducing fact or went to the essence or was a sine qua non of defendant's contract of insurance; nor can the parties be placed in their former position with reference to the subject matter of it. We therefore hold that such a mistake of fact will not void

this contract, nor relieve this defendant of the liability specifically provided in its policy. We are further impelled to this conclusion by the Uniform Automobile Liability Security Act,* as to which we said: *"The object of the Act was protection to the public.*** To permit an insurance company to protect itself with defenses, limitations, reservations and exceptions would be detrimental to the public interest and would defeat the very purpose of the act. *Since the purpose of such policies is to indemnify innocent third persons and protect the general public,* all such policy defenses are taken from the insurer": *Montgomery v. Keystone Mutual Casualty Co.,* 357 Pa. 223, 226, 53 A. 2d 539. See also *Polonitz v. Wasilindra,* 155 Pa. Superior Ct. 62, 37 A. 2d 136.

(2) Garnishee also avers that the judgment entered against it was erroneous because a *condition precedent* of the policy was the acceptance by the Revenue Department of a financial responsibility certificate; and since the certificate which it attempted to file was refused because an acceptable certificate was then on file from another company, *the condition precedent never occurred;* hence the policy never took effect and was void. In the operator's policy certificate which the defendant prepared and sought to file with the Department of Revenue, it recited that in compliance with the Act of 1933, as amended, *it had issued* its policy to Scholler, that the policy was *"in full force and effect* and will so continue until the expiration of fifteen days after notice of cancellation shall first have been given to the Secretary of Revenue, Harrisburg, Pennsylvania, in writing". No notice of cancellation was ever given to the Secretary. Condition No. 4 of said policy states "Such insurance as is afforded by this

---

* May 15, 1933, P. L. 553, as amended, 75 P.S. 1253.
** Italics throughout, ours.

policy for bodily injury liability . . . shall comply with the provisions of the motor vehicle financial responsibility law of any state which shall be applicable with respect to any such liability . . . to the extent of the coverage and limits of liability required by such law . . .". It will be noted that the policy does not say that the filing and acceptance of the operator's policy certificate prepared by it is a condition precedent to the issuance of its policy. Under all the facts in this case and in view of the familiar principle that an insurance policy prepared by the insurance company should, in the event of doubt or ambiguity as to its meaning or interpretation, be construed most strongly against the party who has drawn it: *Snader v. London & Lancashire Indem. Co.*, 360 Pa. 548, 62 A. 2d 835; *Humphreys v. Nat'l Benefit Ass'n.*, 139 Pa. 264, 20 A. 1047; we cannot construe this provision to be a condition precedent.

To support its argument, appellant cites authorities which hold that a condition precedent is a condition which must be performed or fulfilled before the agreement of the parties shall become a binding contract; and that a contract, the fulfillment of which by express or implied agreement depends upon the act or consent of a third person over whom neither party has any control, cannot be enforced unless the act is performed or the consent given: 17 C. J. S., Contracts, §338, page 792, §456 (f), page 940; 12 Am. Jur., §296, page 849; and that a policy which is based on an assumption of risk is void if the risk never attached: Williston on Contracts, Vol. V, page 4378.

These authorities and this ingenious argument are clearly inapplicable. The purpose of this certificate was merely to assist Scholler, the insured, to obtain an automobile operator's license; and since he already had one, this certificate was a mere unnecessary dupli-

cation. Defendant Scholler paid to defendant garnishee his insurance premium. Defendant garnishee *issued and delivered to Scholler its policy* to protect innocent third persons and the public in general against any negligence of Scholler. The policy by its terms was for one year. Notwithstanding garnishee's discovery of the alleged mutual mistake of fact and of the refusal of the Revenue Department to accept its certificate of financial responsibility, it did not cancel or attempt to cancel this policy until more than two weeks after the accident happened and its liability attached, which was two months after it discovered the aforesaid alleged mistake and the non-performance of the alleged condition precedent; and it would now be a miscarriage of justice to permit it to avoid its contract.

(3) Appellant also contends that if it be liable at all, it is liable only pro rata with the Colonial Mutual Casualty Company, which as above mentioned likewise had insured Scholler as of February 5 and March 20, 1948. Section 13 of defendant's policy provided: "If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible against such loss . . .".

Should an innocent third person for whose benefit defendant was insured, be entitled to recover up to the total amount of the policy issued by the garnishee and leave the question of proration or contribution to be fought out or settled between the co-insurers, or is his recovery limited by the provisions and limitations in the (attached) insurance policy?

In the absence of contrary or modifying provisions in a statute, the liability of an insurer and the extent of the loss under a policy of automobile liability in-

surance must be determined, measured and limited by the terms of the contract. This means that under a policy containing a standard "other insurance" or "pro rata" clause, *only the pro rata part of the insured loss which was sustained may be recovered by the insured from each insurer in accordance with the terms of the policy: Sloat v. Royal Ins. Co.,* 49 Pa. 14; *Meigs v. Insurance Company of North America,* 205 Pa. 378, 383, 54 A. 1053; *Clarke v. Western Assurance Co.,* 146 Pa. 561, 23 A. 248; *Miller v. Home Insurance Co.,* 108 Pa. Superior Ct. 278, 164 A. 819.

The question and the applicable law is thus aptly stated by Judge PARKER in *Miller v. The Home Insurance Co.,* supra: "Have we here a case of double insurance that renders operative the pro rata clause? In Sloat v. Royal Insurance Co., 49 Pa. 14, READ, J., said (p. 18) : 'Double insurance takes place *when the assured makes two or more insurances on the same subject, the same risk, and the same interest.* If there be double insurance, either simultaneously or by successive policies, in which priority of insurance is not provided for, *all are insurers, and liable pro rata.'* "

Plaintiff, being an attaching creditor, stands in the shoes of his debtor and " 'The rights of the attaching creditors cannot rise higher than those which the defendant had against the garnishee, and the liability of the latter is measured by its responsibility in case the debtor himself had brought an action to recover on the policy: Austin-Nichols & Co. v. Union Trust Co., 289 Pa. 341, 137 A. 461; Knight v. Red Ball Transit Co., 306 Pa. 371, 159 A. 715; Duffy v. B. & L. Assn., 122 Pa. Superior Ct. 113, 118, 184 A. 549' ": *Antone v. Amsterdam Casualty Co.,* 335 Pa. 134, 143, 6 A. 2d 566.

Since the insured (Scholler) could recover only pro rata from the defendant indemnity company if the Colonial's policy covered "the same subject, the same risk and the same interest", that is all that Scholler's

creditor can recover. The garnishee, however, does not aver the amount of insurance or the terms of the policy issued by Colonial Mutual Casualty Company nor do such facts appear in any part of the record. It is therefore impossible for us to determine whether both policies cover "the same subject, the same risk and the same interest", or the amount or percentage of proration. In the interest of justice the record is remanded to the court below with direction to proceed in accordance with this opinion.

Argued November 26, 1951. Before Drew, C. J., Stern, Stearne, Bell, Ladner and Chidsey, JJ.