## Brugh v. Erie Indemnity Company, etc., et al.

*Leland W. Walker*, for plaintiff.

*Fike & Cascio*, for defendants.

LANSBERRY, P. J., June 21, 1952.—In this action in assumpsit, founded upon a written policy of automobile liability insurance, it appears from the pleadings

that plaintiff, Harold W. Brugh, was on November 28, 1951, the owner of a 1951 Mercury sedan for which defendant, Erie Insurance Exchange, issued its combination automobile insurance policy, no. P281-237BR. Plaintiff was on that date a single man, a carpenter by trade and a member of the household of his parents, Harvey L. Brugh and Edna Brugh, all residents of Milford Township in the County of Somerset. On November 28, 1951, this plaintiff was operating a 1949 Ford sedan automobile owned by his father, Harvey L. Brugh, in the City of Pittsburgh, which automobile was involved in a collision with an automobile operated by one Clarence Snyder, resulting in an almost total loss of the Ford sedan.

This plaintiff seeks to recover from this defendant the damages or loss resulting to the Ford sedan owned by his father by virtue of section 8 of the policy of insurance issued by defendant to plaintiff, which section is as follows:

"Section VIII. Use of Other Automobiles—Fire, Theft, Comprehensive, Road Service and Collision.

"If the subscriber is an individual who owns the private passenger automobile described in the policy, or if the husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for Fire, Theft, Comprehensive, Road Service and Collision with respect to said automobile applies with respect to any other private passenger automobile or utility type trailer, while in the custody of the subscriber or spouse if a resident of the same household. This extended insurance does not apply:

"(a) to any automobile while used as a public or livery conveyance;

"(b) to any automobile owned by, hired as a part of a frequent use of hired automobiles by, or furnished for regular use to the subscriber or spouse or a member of their household;

"(c) to any automobile while the owner thereof is an occupant thereof when loss or damage occurs."

To this complaint defendant interposed two preliminary objections as follows: (1) Plaintiff's failure to attach a copy of the policy of insurance to the complaint or state the reason for this omission, and (2) the complaint fails to state a cause of action between these parties because section 8 of the policy providing for the extended insurance "does not apply to any automobile owned by a member of the household of the subscriber."

As to the first preliminary objection, plaintiff violated Pa. R. C. P. 1019 (*h*) in failing to attach a copy of the writing or the material part thereof upon which the complaint is based. However, this is an error in procedure rather than substance and we may allow plaintiff opportunity to perfect this omission by filing separately the basic writing accompanied by an affidavit as provided in Pa. R. C. P. 1024.

The second preliminary objection touches the merits of the controversy. A most careful reading and examination of the language used in section 8 of the policy leaves the reader in much doubt as to the meaning thereof; it is, to say the least, ambiguous. The first portion of the section indicates that as applicable to the instant matter, if the subscriber is the owner of the vehicle described in the policy the insurance provided for in the policy is extended to any other vehicle while in the custody of the subscriber. The remaining portion of the section indicates this extended insurance does not apply in three instances, one of which is any automobile owned by a member of the household.

From the arguments advanced at the oral argument and as set forth in their respective briefs we gather that counsel for plaintiff relies upon the first portion of the section, asserting the extended insurance coverage applies to these facts, while counsel for defendant

relies upon the latter portion of the section, asserting this case falls within the exclusions set forth in the section.

Where the language used in a contract is plain and unambiguous and the intent of the parties clearly expressed, the courts will not resort to the several rules of construction but will enforce the contract according to its terms: General Finance Company v. Pa. T. & F. Mutual Casualty Ins. Co., 348 Pa. 358; 17 C. J. S. Contracts, 294; Mowry, Exec., et al. v. Mc-Wherter, 365 Pa. 232. In the instant contract the intention is not as definitely expressed as might be desired and the language used in section 8 is ambiguous; hence resort must be had to rules of construction. Obviously the language used in the contract of insurance here under examination was the language of defendant insurer, not that of plaintiff subscriber. Hence, "It is agreed that if an insurance contract is so drawn as to be equivocal, uncertain, or ambiguous, and to require interpretation because fairly susceptible of two or more different, but sensible and reasonable, constructions, the one will be adopted which, if consistent with the objects of the insurance, is most favorable to the insured. In other words, a contract of insurance couched in language chosen by the insurer is, if open to the construction contended for by the insured, to be construed most strongly, or strictly, against the insurer and liberally in favor of the contention of the insured, which means in accordance with the rule contra proferentem": Couch on Insurance, sec. 188, and numerous Pennsylvania and other cases therein cited, and the recent case of Vrabel v. Scholler et al., 369 Pa. 235.

Here the construction of the policy urged by this plaintiff is consistent with the objects of the insurance, is sensible and reasonable and in fact is an interpretation used by the insurer's agents in their sales program; accordingly, we feel constrained to the view

that plaintiff's cause may be well founded under section 8 of the policy and must therefore overrule the preliminary objection as to the point raised by defendant.

### Order

Now, June 21, 1952, upon consideration of preliminary objections, the first is sustained and plaintiff is allowed 20 days in which to perfect his pleadings accordingly, and the second is overruled and defendant allowed 20 days in which to make answer to the complaint if it so desires; the costs of this proceeding to abide the final determination of this litigation.