## Leeds and Northrup Company v. Leeds and Northrup Employees' Union

*R. M. Landis*, for plaintiff.

*W. G. George*, for defendant.

SPORKIN, J., October 15, 1963.—This matter comes before us on motion of Leeds and Northrup Employees' Union (respondent) to strike petition of Leeds and Northrup Company (petitioner) to set aside an arbi-

trator's award. On presentation of the petition a rule was granted upon respondent to show cause why part 3 of an award [1] of one William W. Waite, arbitrator, dated June 7, 1962,[2] should not be set aside.

The petition averred, inter alia, that: petitioner and respondent entered into a collective bargaining agreement on March 24, 1961; the agreement provided, article 7, sec. 5, for arbitration "limited to the interpretation or application of the terms of this Contract" and further provided "that no arbitrator may modify the Contract in any way"; by the terms of said contract, petitioner agreed to administer and maintain a premium plan in accordance with the provisions contained in the "Premium Plan Manual," the relevant portions of which were attached as an exhibit; a dispute arose between the parties on a claim by respondent that petitioner violated section 7.3 of the Premium Plan Manual in that petitioner refused "to follow the procedure outlined in Section 7.3 when a check study (was) requested on a disputed estimate"; respondent demanded that petitioner "be ordered to raise any time estimate to the minimum figure of 125% plus allowances on every job where a check study has shown the job to be under this figure."

The petition further averred that: the parties agreed to submit the aforementioned dispute to William W. Waite, arbitrator; said arbitrator thereafter made an award in which he rejected respondent's interpretation of section 7.3 of the premium plan; in addition to said finding and award, the petition averred, the arbitrator "modified the collective bargaining contract by adding

---

[1] Part 3 of the arbitrator's award is not at this time being delineated and is referred to and discussed, *infra*.

[2] Under date of October 15, 1962, the arbitrator rendered a "clarifying award" on request of the parties "to clarify his award of 7 June 1962, particularly the last sentence of the third paragraph."

a new provision and exceeded the scope of his authority and the scope of the submission, in that by part 3 of the award the arbitrator decreed that the time standards established by the Premium Plan Manual shall be adjusted whenever a check study indicates that the standard established by the manual varies by more than 5% from the standard indicated by the check study." [3]

Petitioner, in seeking to set aside part 3 of the award, contends that the arbitrator exceeded the scope of the submission and went beyond the terms of the collective bargaining agreement which limited arbitration "to the interpretation or application of the terms of (said) contract."

Respondent filed no answer to the averments of the petition, but filed its motion to strike the petition[4] assigning three grounds: (a) The arbitration proceeding was one at common law and not under the Arbitration Act of 1927,[5] (b) the relief sought was based on grounds available only under the Arbitration Act of 1927; and (c) even if the arbitration was had under the Act of 1927, the petition to set aside the award was not timely filed.

In the posture of the case before us the motion to strike petitioner's petition, or sustain the demurrer, which, in effect, it is, must be denied.

---

[3] Part 3 of the award as amended October 15, 1962 reads: "Any time standard derived by a check study which varies less than 5% from the disputed standard shall be deemed accurate. Any standard derived by time study methods which varies more than 5% from the original shall be adjusted to the level indicated by the check study."

[4] Though denominated a "Motion to Strike", respondent's pleading is in effect a "preliminary objection in the nature of a demurrer", Pa. R.C.P. 1017(b)(4). We will consider the motion before us as such. A motion to strike off a pleading is limited to where it lacks "conformity to law or rule of court or because of scandalous or impertinent matter." Cf. Pa. R.C.P. 1017(b)(2).

[5] Act of April 25, 1927, P. L. 381, 5 PS §161, et seq.

It is clearly the law that where a defendant or respondent "has chosen to file preliminary objections, in the nature of demurrers, every material and relevant fact well pleaded in the complaint and every inference fairly deducible therefrom are to be taken as true.": Yania v. Bigan, 397 Pa. 316, 318 (1959).

The allegations in the petition, paragraph 5, that "the arbitrator modified the collective bargaining contract by adding a new provision and exceeded the scope of his authority and the scope of the submission" in part 3 of the award must at this stage of the proceedings be taken as true. If this is so, the arbitrator's decision is subject to judicial review under the holdings of the Federal courts, which are applicable to the case now before us.

This being a matter arising out of a collective bargaining agreement between an employer and a union in an industry affecting interstate commerce, the provisions of the Labor Management Relations Act of 1947, sec. 301(a), 61 Stat. 156, 29 U.S.C.A. §185(a) are applicable, and although jurisdiction by State courts is not divested, and State courts have concurrent jurisdiction with Federal courts, in all controversies arising out of collective bargaining agreements where employees affecting interstate commerce are involved, "federal substantive law is to be applied in both state and federal courts.": International Union, United Automobile etc. Workers of America, U.A.W., AFL-CIO v. Textron, Inc. et al., 312 F. 2d 688, 690 (1963).

And where "the arbitrator went beyond the grievance submitted to him for arbitration and beyond the provisions of the collective bargaining contract" it is the settled holding of the Federal courts that that portion of the award should be vacated and set aside: Local 791, International Union of Electrical, Radio & Machine Workers, AFL-CIO v. Magnavox Company, 286 F. 2d 465, 466 (1961).

The argument advanced by respondent, predicated on decisions of Pennsylvania courts limiting the power of review by our courts of arbitrators' decisions to instances where it is alleged that arbitrators were guilty of partiality or corruption, is not tenable because the case relied upon for this principle (Freeman v. Ajax Foundry Products, Inc., 398 Pa. 457 (1960), affirming 20 D. & C. 2d 128), did not involve a dispute arising out of a collective bargaining agreement.

The other cases cited, which did involve arbitration in labor-management disputes, were all decided prior to the decision of the Supreme Court of the United States in Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S. Ct. 912, decided June 3, 1957, which held "that the substantive law to apply in suits under sec. 301 (a) [of the Labor Management Act] is federal law, which the courts must fashion from the policy of our national labor laws.": 353 U.S., at page 456, 77 S. Ct., at page 918. As indicated, supra, we must follow Federal law in controversies falling within this area.

We have given consideration to respondent's reply brief in which it is argued that the averments in petitioner's petition that the arbitrator exceeded the scope of his authority and the scope of the submission constitute "averments of law" and therefore are not admitted by preliminary objections to a pleading.

We concede that it is often very difficult to determine when an averment falls within the classification of an averment of a conclusion of law or of an inference of evidence. What respondent has overlooked, however, is that it is asking this court to *dismiss* this action, i.e., to enter a final judgment in its favor on the pleadings. Such a motion "should not be entered unless the case is clear and free from doubt": Melnick v. National Air Lines, 189 Pa. Superior Ct. 316, 319 (1959). See also Vrabel v. Scholler, 369 Pa. 235, 239 (1952).

In the state of the record before us, we must give effect to all of the averments contained in the petition and respondent is clearly not entitled to have this action dismissed summarily.

We have also given consideration to petitioner's reply brief. In view of our conclusion that the averments of the petition constitute a sufficient pleading to establish a prima facie case, thus requiring a responsive answer, it is premature to adjudicate and determine, at this time, petitioner's rule to set aside part 3 of the award. Respondent is entitled to an opportunity to "show cause" why the award should not be set aside. If a demurrer is overruled, the demurring party has the right to plead within such time as the court shall fix: Pennsylvania Rule of Civil Procedure 1028(d), 28 P. L. Encyc. Pleadings 447, §127.

Hence, we conclude:

1. This court has jurisdiction of the subject matter of this dispute.

2. Federal substantive law must be applied.

3. Under Federal law, in an arbitration between an employer and the representatives of employes, an arbitrator may not go beyond the scope of the grievance submitted to him for arbitration or beyond the provisions of the collective bargaining agreement.

4. In the state of the record now before us, we are required to take as a verity the averments in the petition that the arbitrator modified the collective bargaining contract and exceeded the scope of his authority. Respondent, at a later stage of these proceedings, may prove otherwise, but on a demurrer to the petition we must take the averments as pleaded.

5. Hence we cannot sustain the motion to strike, nor can we grant at this time the rule to set aside part 3 of the award, and accordingly enter the following:

ORDER

And now, to wit, October 15, 1963, the motion of Leeds and Northrup Employees' Union (respondent) to strike petition of Leeds and Northrup Company (petitioner) to set aside arbitrator's award is dismissed, with leave to respondent to file a responsive answer to the petition within 20 days.