## Huster v. Continental Casualty Company

*John C. Gault,* for plaintiffs.

*A. Alvan Baird* and *Laurence H. Eldredge,* for defendant.

GREEVY, P. J., June 22, 1965.—Continental Casualty Company was brought into this case by garnishment proceedings, after plaintiffs, Peter William Huster and Myrtle E. Lapp recovered verdicts in amounts of $9518 and $481, respectively, against John E. Miller in an action of trespass for damages.

Subsequent to the verdicts, plaintiffs issued an execution and served interrogatories on the Continental Casualty Company as garnishee. Garnishee filed its answers to the interrogatories and the case went to trial before a jury. At the trial the court took judicial notice of the verdicts in favor of plaintiffs. Plaintiffs' counsel then offered in evidence its interrogatories and garnishee's answers as a whole and they were admitted without objection. By its answers garnishee admitted that on January 22, 1960, it had a policy of insurance in which Hulbert Forwarding Company was the named insured covering all equipment owned and operated by the insured; that John E. Miller was the owner of a 1955 Dodge tractor which was orally leased to the

Hulbert Forwarding Company; that John E. Miller was employed by Hulbert Forwarding Company when he was operating his tractor upon the business and affairs of the Hulbert Forwarding Company. Garnishee denied that John E. Miller was insured by it on January 22, 1960, setting forth facts showing that John E. Miller was returning from a business trip of his own when the accident happened. It was then stipulated that Hulbert Forwarding Company and M & G Convoy Company are one and the same and that at the time of the accident the tractor operated by John E. Miller was titled in John E. Miller and owned by him. The only witness to testify was Peter William Huster, one of the plaintiffs, who testified that the tractor involved in the accident carried the name "M & G Forwarding Company". At the conclusion of plaintiffs' case garnishee moved for compulsory non-suit and the motion was refused. Garnishee offered no evidence and submitted a point for binding instructions in its favor. The trial judge declined the point, the jury returned a verdict in favor of plaintiffs and garnishee filed a motion for judgment n. o. v. which is before us at this time.

Garnishee does not ask for a new trial but contends that the trial judge should have entered a non-suit or should have directed a verdict in its favor. In considering garnishee's motion for judgment n. o. v. we are obliged to "view the evidence, together with all the reasonable inferences therefrom, in the light most favorable to the verdict winner. Bortz v. Henne, 415 Pa. 150, 151, 202 A. 2d 49, 50 (1964)": Brandon v. Peoples Natural Gas Company, 417 Pa. 128. This we have done.

The issue in this case is whether at the time of the accident John E. Miller was operating his tractor upon the business of M & G Convoy Company (Hulbert Forwarding Company) and was engaged within

the scope of employment for them. Plaintiffs relied solely upon the presumption of agency arising out of the display of "M & G Forwarding Company" upon the truck. The trial judge submitted the issue of agency to the jury solely upon this presumption, charging the jury as follows:

"Now, the law in this regard is this, where a commercial vehicle bears a name or legend indicating its ownership there is what is called a rebuttable presumption that the vehicle was owned by such party, and that the driver of the vehicle was the servant of the owner acting within the scope of his employment. The presumption is not conclusive of the fact of agency and scope. You will note that it is spoken of as being rebuttable, that is, the inference of ownership and agency may be refuted, and, of course, there is a stipulation on the record here that the owner of the vehicle was not the M & G Convoy Company or Hulbert Forwarding Company, but that it was owned at the time of the accident by John E. Miller. If you accept this, as far as the ownership, the presumption of agency would disappear. The reason for the rule we have been discussing is this: Where circumstances exist which make it imperative from the standpoint of justice that one of the parties come forward with proof to establish or refute an alleged fact, the law creates a presumption of the sort mentioned, and requires that the appropriate party come forward with proof, if he would explain the circumstances or destroy the presumption. Where a person becomes involved in an accident with a commercial vehicle, he cannot automatically know the business of the owner of the vehicle nor the mission of the driver. He would thus be at a distinct disadvantage in presenting proof of such fact, since those things are not ordinarily within the knowledge of outsiders. To overcome this difficulty, the law raises a presumption of the sort we have been discussing; conferring

the right upon the party claiming agency to prove the fact that the other's vehicle had his name printed or painted or embossed upon it and thus leave the matter up to the adversary to show by evidence that he did not own the vehicle or that the driver was not on his business. This does not mean that the party who has the burden of proving agency is relieved of that responsibility; it means only that by showing the conditions as described, he has met the burden unless there is a satisfactory explanation which convinces the jury by a fair weight of the credible testimony that agency or ownership did not, in fact, exist."

This presumption was analyzed and reviewed by Chief Justice von Moschzisker, in his frequently cited opinion in Hartig v. American Ice Co., 290 Pa. 21, where, on pages 30 and 31, he stated:

"From the cases we have reviewed, the applicable general rules may be stated thus: Where the evidence produced by plaintiff, if believed, is sufficient to prove that he was injured by the negligence of one in charge of a business automobile, bearing the trade name of defendant, displayed thereon in such a manner as trade or business names are usually placed on vehicles used for trade or business purposes, these facts are sufficient (1) to raise the presumption that the car in question was owned by defendant and was being used by the person in charge thereof for defendant's business purposes; and (2), when such presumptions so arise, they entitle plaintiff to have his case submitted to the jury (a) unless plaintiff himself shows in the presentation of his case that, as a matter of fact, the car did not belong to defendant or was not being used in his business. . . ."

See also Fullerton v. Motor Express Co., 375 Pa. 173; Capozi v. Hearst Publishing Company, Inc., 371 Pa. 503; Lindenmuth v. Steffy, 173 Pa. Superior Ct. 509.

This presumption is applicable only when the commercial vehicle is owned by one of the parties. Plaintiffs stipulated that the tractor was owned by John E. Miller, who was defendant in the original action but not a party to these proceedings and neither are M & G or Hulbert Forwarding Company parties in this action. Therefore this presumption was not applicable and the case should not have been submitted to the jury. Without the presumption there was no evidence as to agency and the motion of the garnishee for judgment n. o. v. must be granted.

In addition, a factual presumption can be rebutted and when it is so rebutted it disappears as a rule of law and has no further effect upon the outcome of the case.

"In Marach v. Kooistra, 329 Pa. 324, 326, 198 Atl. 66 (1938), we said: 'Where the vehicle involved is a commercial vehicle, as distinguished from a noncommercial vehicle, in the absence of other evidence, it will be presumed that it was being operated at the time on its owner's business.' Assuming for the purpose of this case that such a presumption arises under the facts presented, this presumption is only factual in nature, and when evidence to the contrary is presented by the party seeking the benefit of the presumption, it vanishes into thin air. The case of Felski v. Zeidman, 281 Pa. 419, 421, 126 Atl. 794 (1924), is squarely on point and is controlling. Therein, the Court said: 'True, it was a business truck with defendant's name thereon, which would raise a presumption that it was being used in his business (citing cases) ; but in the instant case this presumption cannot stand in the face of the evidence of plaintiff's witnesses to the contrary. Had the defendant offered oral testimony to rebut the presumption, its credibility would have been for the jury (citing cases), but plaintiff cannot question the credibility of his own uncontradicted wit-

nesses. Moreover, he was bound by the testimony of the defendant, given as under cross-examination, for it was neither contradicted nor qualified (citing cases). . . .' ": Guida v. Giller, 406 Pa. 111, 114 & 115.

In the instant case plaintiffs showed in the presentation of their own case that ownership of the vehicle was in someone other than a party and further that the master-servant relationship did not exist at the time of the accident. Judge Wright stated in the case of Lindenmuth v. Steffy, supra, on page 511: "With such a presumption, the case was for the jury unless plaintiff showed in his presentation that the vehicle was not being used in defendant's business."

The presumption is that the vehicle was owned by one of the parties and that the driver of the vehicle was the servant of the owner and acted within the scope of his employment at the time of the accident. Here the inference of ownership and agency being refuted by plaintiffs' own testimony, the presumption was not applicable and the trial judge should not have submitted the case to the jury on the basis of the presumption.

Where plaintiff offers evidence which establishes that the vehicle was not being operated on defendant's business at the time in question the presumption disappears: Kunkel v. Vogt, 354 Pa. 279.

Counsel for plaintiffs, in his brief, sets forth—"In this particular case it should also be noted that no verification of the answers to the interrogatories appears to have been made by any one." This question was not previously raised. Answers to the interrogatories were signed by the "attorney for defendant" and were not verified. However, plaintiffs offered the answers to the interrogatories as part of their case and without the admissions as to the policy of insurance contained in answer to interrogatory no. 2, plaintiffs would not have met their burden of proof. The

material averments of facts contained in garnishee's answers to the interrogatories having been offered by plaintiffs in evidence are part of the record in the case and plaintiffs are bound by them. Plaintiffs, however, are not bound by the conclusions contained therein but the answers are prima facie true and in the absence of any testimony tending to disprove them are conclusive.

We accept the material averments of facts contained in garnishee's answers as proper testimony in this case even though they were signed by the attorney and not verified.

Counsel for garnishee objected at the trial that judgment had not been entered on the verdict. We hold that the defect was corrected by the motion for judgment even though the motion was filed by plaintiffs subsequent to the trial in this case.

The cases of Zenner v. Goetz (Travelers Indemnity Co.), 324 Pa. 432, and Shaffer v. Hebenstreit, 119 Pa. Superior Ct. 159, are not applicable for the burden of proof in the instant case was upon plaintiffs to show the servant-master relationship and was not on the insurance carrier. The matter for consideration was not an exclusion in the policy but a condition that must be met before liability attaches. Where an employe was operating his own automobile insurer does not have to establish that the employe had deviated from the course of his employment until plaintiffs have first established the relationship of master-servant.

"The rights of a plaintiff in an attachment execution on an insurance policy rise no higher than the rights of the insured defendant against the insurer-garnishee. Vrabel v. Scholler, 369 Pa. 235, 85 A. 2d 858 (1952). Therefore the plaintiff must plead and prove a case of liability on the part of the insurer to the defendant": Jennison v. Aacher, 201 Pa. Superior Ct. 583, 585-86.

There being no evidence whatsoever to prove agency

(in fact plaintiffs' evidence is that no master-servant relationship existed when the accident happened) and plaintiffs having the burden of proof, garnishee's request for binding instructions should have been granted at the close of the testimony.

This case being clear, judgment will be entered in favor of garnishee.

ORDER

And now, June 22, 1965, the court grants the motion for judgment n. o. v. and judgment is now entered for garnishee-defendant.

Wood, J., concurs.