## McDermott v. Nationwide Mutual Insurance Company

*Anthony J. Popeck,* for plaintiff.
*Lucille Marsh,* for defendant.

COTTONE, *J.,* January 12, 1981—This action comes before the court by way of defendant's motion for summary judgment.

Briefly stated, the facts of this case are as follows:

On May 26, 1977, plaintiff was seriously injured while riding his dirt bike. Plaintiff alleges that, while he was operating said bike along the berm of the road or on the sidewalk, he collided with an automobile turning into a driveway and crossing the berm of the road or sidewalk.

Plaintiff's father was insured by an insurance policy from Nationwide Mutual Insurance Company, defendant herein, under the Pennsylvania Motor Vehicle No-fault Insurance Act. Defendant denied responsibility for payment of any benefits to plaintiff, claiming that the dirt bike was not an insured vehicle under the policy nor subject to protection under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

In denying recovery, defendant relies on the fol-

lowing clauses contained in the aforementioned insurance policy: "Definitions "The language of this insurance policy includes certain common words for easy understanding. They have exactly defined meanings, however. In this policy: . . . "6. the words 'MOTOR VEHICLE' mean a land motor vehicle designed to be driven on public roads. They do not include vehicles operated on rails or crawler-treads. Other motor vehicles designed for use mainly off public roads are covered when used on public roads. "Coverage "This coverage provides Basic Personal Injury Protection in accordance with the Pennsylvania No-fault Motor Vehicle Insurance Act. "We will pay Basic Personal Injury Protection benefits for bodily injury of an insured as a result of an accident that arises out of the maintenance or use of a motor vehicle as a motor vehicle. . . . "You and your relatives have this coverage while occupying any motor vehicle except a motorcycle. "For purposes of this coverage: "2. The word 'RELATIVE' means your spouse, anyone related to you by blood, marriage, or adoption, and any minor who is in the custody of you or a relative, and is a resident of your household, even if temporarily living elsewhere. "3. The words 'MOTOR VEHICLE' mean any vehicle of a kind that is required to be registered under the Pennsylvania Vehicle Code." (Emphasis supplied.)

The issue presented here for our determination is whether a dirt bike is a motorcycle or, in the alternative, a motor vehicle and thereby excluded from coverage under the applicable insurance policy and No-fault Act. Since the insurance policy mandates compliance with the No-fault Act, our determination of this issue must be made in light of the act's definition of "dirt bike."

Thus, the first issue which we must address is

whether a dirt bike is a motor vehcile within the jurisdictional scope of the No-fault Act. Section 1009.103, 40 P.S. §1009.103, of the Act states that:

"Motor vehicle means a vehicle of a kind required to be registered under the act of April 29, 1959 (P.L. 58, no. 32), known as The Vehicle Code.[2]" The Vehicle Code 75 Pa.C.S.A. §102, defines vehicle as: "Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." and 75 Pa.C.S.A. §102, defines motor vehicle as: "A vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails."

Applying the aforementioned definitions to the facts of the present action, we are of the opinion that a dirt bike is not a motor vehicle as encompassed within the classification given in either the No-fault Act or Vehicle Code. The dirt bike in question is not a motor vehicle since it was "neither intended to be registered, nor capable of registration without the undertaking of certain modifications in adding the following equipment: headlights, tail lights, turn signals, and horn." Siefert v. Nationwide Insurance Co., 62 Westmoreland 109, 112 (1980). The record indicates that said bike had "no lights, no blinkers, no mirrors, no speedometer. It was not street legal [One does not] need a license to drive it."

In light of the preceding analysis, we must logically conclude that a dirt bike is not a motorcycle as defined by the No-fault Act and Vehicle Code. The Vehicle Code, 75 Pa.C.S.A. §102, defines motorcycle as:

"A motor vehicle having a seat or saddle for the

use of the rider and designed to travel on not more than three wheels in contact with the ground."

Thus, since all motorcycles are, by definition, motor vehicles, it would be inconsistent for this court to conclude that a dirt bike is a motorcycle: Singer v. Sheppard, 464 Pa. 387, 346 A. 2d 897 (1975).

In construing the No-fault Act, it is important to look first to the statute itself, then to the applicable regulations, then to the insurance policy in question." Shrager, Pa. No-fault Motor Vehicle Ins. Act § 1:2. Moreover, "[when] the words of a statute are clear and are free from all ambiguities, the letter of it is not to be disregarded under the pretext of pursuing the spirit." Id.

Therefore, we conclude that the dirt bike in question is neither a motorcycle nor a motor vehicle as defined by either the No-fault Act or Vehicle Code.

The No-fault Act, 40 P.S. § 1009.102, specifically provides for recovery to victims of an accident who sustain injuries "arising out of the maintenance or use of a motor vehicle." See 40 P.S. § 1009.103. Plaintiff was injured when the dirt bike he was riding collided with a motor vehicle, that is, an automobile. Since we have ruled that, under the particular facts of this case, the dirt bike does not fall within the motorcycle exclusion clause of either the insurance policy or the No-fault Act, defendant's motion for summary judgment will be dismissed. It is a well established principle that summary judgment will be entered only where the case is clear and free from doubt and there are not material facts of issues of law present: Vrable v. Scholler, 369 Pa. 235, 85 A. 2d 858 (1952).

## ORDER

Now, January 12, 1981, defendant's motion for summary judgment is hereby dismissed.