## Diggan v. Diggan

*C. Kent Price,* for plaintiff.
*C. Edward S. Mitchell,* for defendant.

KREHEL, *P.J.,* October 4, 1984—On September 5, 1981, plaintiff was allegedly injured when struck by an automobile operated by defendant. This accident occurred in the Borough of Milton, Northumberland County.

On September 14, 1983, plaintiff commenced this action by filing a praecipe for writ of summons. In her complaint, plaintiff alleged that she incurred medical expenses in excess of threshold requirements of section 301(a)(5)(B) of the Pennsylvania No-fault Motor Vehicle Insurance Act, July 19, 1974, P.L. 489, no. 176, Art. I, §§101, et seq., 40 P.S. §§1009.301(a)(5)(B).

Defendant has moved for summary judgment purusant to Pa.R.C.P. 1035. In support of this motion, defendant asserts:

(1) That this action is barred by the applicable statute of limitations, and

(2) That a release executed by plaintiff on June 14, 1982 precludes plaintiff from maintaining this action.

At the time of the accident, plaintiff was a domiciliary of Ohio and defendant was a domiciliary of Pennsylvania. We must, therefore, look to section 110(c) of the No-fault Act, 40 P.S. §1009.110(c), which states:

"§1009.110. Motor vehicles in interstate travel

. . .

(c) Applicable law.—

(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

(2) The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim. If a victim is not domiciled in a state, such right to sue shall be determined by the law of the state in which the accident resulting in injury or damage to property occurs."

Defendant contends that the effect of this section is that the applicable statute of limitations is the Ohio statute, which provides, "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." Ohio Rev. Code Ann. §2305.10. Therefore, the period for bringing this action would have expired on September 5, 1983.

Plaintiff contends that the applicable statute of limitations is the Pennsylvania Statute, 42 Pa. C.S. §5524, and that this two-year period did not begin to run until the threshold requirements of section 301 were met. Therefore, this action is not time-barred. Bond v. Gallen, 292 Pa. Super. 209, 437 A.2d 7 (1981).

In Temples v. Little, 19 D.&C. 3d 357 (1981), the court decided that section 110(c)(2) did not apply to the statute of limitations, but, rather, to the right to sue in tort.

"Section 110(c)(2) deals only with the right to sue in tort. A statute of limitations has nothing to do with a right to bring suit. It has only to do with the extinguishment of that right when the period of limitations has run.

As was said by the Pennsylvania Supreme Court in New York & Penna. Co. v. N.Y. Central R.R. Co., 300 Pa. 242, 150 Atl. 480 (1930), at pp. 245-246: [T]he time specified in a statute of limitations does not begin to run until there is an existing *right to sue forthwith.*" (Emphasis supplied.) 19 D.&C. 3d, 357, 359.

Under the Pennsylvania No-fault-Act, there is no right to bring a suit in tort in a case such as this until certain threshold requirements are met, 40 P.S. §1009.301. Ohio is not a no-fault state. As a result, plaintiff would have a right to sue in tort even if the threshold requirements of section 301 were not met.

In this case, however, plaintiff chose to proceed under our No-fault Act, and so, is entitled to the extended limitations period provided under Bond v. Gallen, supra.

The Superior Court, in Toter v. Knight, 278 Pa. Super. 547, 420 A.2d 676 (1980), recognized that a

person might benefit from being domiciled in a non no-fault stated.

"Admittedly, the possibility exists that a non-resident who is domiciled in a state that has not passed a no-fault act may receive liberal treatment under section 110(c)(1), (2)." 278 Pa. Super. at 557, 420 A.2d at 681.

We agree with the court in Temples v. Little, supra, that section 110(c)(2) refers only to the right to sue and has nothing to do with the applicable statute of limitations. Therefore, this action is not barred by the statute of limitations.

Defendant also raises the effect of a release, dated 14 June 1982, which purportedly bars this action.

It is well settled that a summary judgment upon the pleadings should not be entered unless the case is clear and free from doubt. Rybas v. Wapner, 311 Pa. Super. 50, 457 A.2d 108 (1983); Vrabel v. Scholler, 369 Pa. 235, 85 A.2d 858 (1952).

The effect of the release in this case is not clear and free from doubt. Accordingly, summary judgment on this issue is not appropriate, and, therefore, we enter the following

## ORDER

And now, this October 4, 1984, defendant's motion for summary judgment is denied.