Snader *v.* London & Lancashire Indemnity
Company of America, Appellant.

Argued November 11, 1948. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Herbert A. Barton,* with him, *Paul A. Mueller,* and *Swartz, Campbell & Henry,* for appellant.

*B. M. Zimmerman,* with him *Harold E. Martin,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1949:

We are concerned here with the proper interpretation of an accident liability insurance policy with regard to the extent of its coverage.

Plaintiff, the insured, is the lessee of a large tract of land on which there is laid out a golf course and which contains also a restaurant and dance floor, a recreation hall, bowling alleys, a swimming pool, bathhouses and other structures. The policy provides for insurance against liability for accidents arising out of "hazards" which are defined as "The ownership, maintenance or use, for the purposes stated in the Declarations, of the premises and all operations during the policy period which are necessary or incidental to such purposes." The Declarations state the location of the premises to be "Overlook Golf Course, R. D. #3, Lititz Pike, Lancaster, Pennsylvania," and that the "Purposes of Use" are "Golf Course", and the "Portion of Premises Insured" is "Entire". An endorsement provides that the premium is based on a rate of $.50 per $100 of receipts, and that "The term 'receipts' as used herein shall mean the entire gross income . . . received by the Insured from all undertakings operated by the Insured . . . at the location specified in . . . the Declarations". Another endorsement provides that the coverage does not apply to "swimming pools or bathing beaches".

One Louise Lookabaugh paid a fee which entitled her to enter the swimming pool and also to the use of a locker in the women's bathhouse located on the second floor of a structure adjacent to the pool; the first floor of this building was used as a storage room for tools and equipment for the golf course. As Mrs. Lookabaugh was proceeding to her locker the floor collapsed and she fell to the bottom of the tool shed below, sustaining injuries to recover damages for which she and her husband brought suit against plaintiff. Defendant insurance company refused to acknowledge liability under its policy, whereupon plaintiff settled the claim and then brought the present action against defendant for indemnity.

Plaintiff's right to recover obviously depends on whether the policy covers liability for an accident sustained, not on the golf course, but in the bathhouse, and this question may be broken down into three subordinate ones: (1) Would the language of the policy have been sufficient to establish such liability if the clause excluding the swimming pool and bathing beaches had been omitted? (2) Did that clause enlarge what would otherwise have been the scope of the coverage? (3) Did the exclusion clause release defendant from liability for accidents occurring not only in the swimming pool and beaches but also in the bathhouse?

As to the first of these questions, it is true that the "Location" of the "Premises" was stated to be "Overlook Golf Course" and "the Purposes of Use" were listed as "Golf Course", but the term "Golf Course", in both these connections, was apparently used not merely to designate the limited portion of ground laid out for that sport but rather as descriptive of the leased premises generally, golf being the main but not the only activity carried on there. This interpretation derives strength from the fact that the premium is said to have been computed and collected on the basis of the gross income received from *all* the undertakings operated by the insured,

which would indicate that such additional operations and structures as the restaurant, recreation hall and bowling alleys were included in the coverage and that defendant's liability was not limited to accidents occurring on the acreage constituting the golf course proper. It must, of course, be remembered that where the terms of a policy are susceptible of different interpretations the construction most favorable to the insured should be the one adopted: *Humphreys v. National Benefit Association,* 139 Pa. 264, 271, 272, 20 A. 1047, 1048; *Marcello v. Concordia Fire Insurance Co.,* 234 Pa. 31, 38, 82 A. 1090, 1092; *Lewis v. Fidelity and Casualty Co.,* 304 Pa. 503, 508, 156 A. 73, 74; *Keystone Lumber Co. v. Security Mutual Casualty Co.,* 103 Pa. Superior Ct. 154, 160, 158 A. 314, 316; cf. *Tennant v. Hartford Steam Boiler Inspection and Insurance Co.,* 351 Pa. 102, 108, 40 A. 2d 385, 387. The reason for this is that the language of the policy is prepared by the insurer, presumably with the purpose in mind of protecting itself against future claims in regard to which it does not desire to accept liability: see *Hoover v. National Casualty Co.,* 236 Mo. App. 1093, 1097, 162 S. W. 2d 363, 365.

As to the second question, and even assuming that the *general* provisions of the policy do *not* establish defendant's liability in this action, the clause excluding the swimming pool and bathing beaches clearly has that effect. This is because such exclusion shows the parties understood that, were it not for that clause, the coverage would have included the swimming pool and beaches, and, by the same token, all the other structures and operations on the premises: *Koser, Administrator, v. American Casualty Co. of Reading,* 162 Pa. Superior Ct. 63, 67, 56 A. 2d 301, 303.

As to the third question, it is argued by defendant that the bathhouse was operated only in connection with the swimming pool and as incidental to its use and therefore the exclusion of the pool should inferentially carry

with it the exclusion of the bathhouse as well. The bathhouse, however, was a structure physically distinct from, and independent of, the pool, and, if defendant had intended to exclude it, it should have done so expressly, just as it excluded the pool and bathing beaches, or it should have clarified in some other manner the intended scope of the language it employed.

The court below was correct in directing that judgment be entered for plaintiff.

Judgment affirmed.