## Esmond v. Liscio

*Bernard Goldstone*, for plaintiff.

*James A. Stranahan, 3rd*, and *Anna Belle Jones*, for defendant.

McKAY, P. J., June 6, 1966.—Who is meant by the words "the insured" in a clause in an automobile liability policy which defines an assault and battery as an accident, but makes an exception when it is committed

by "the insured?" This question presents the only issue in the instant case.

On October 19, 1963, plaintiff, while walking along North State Line Road in the City of Sharon, was seriously injured when John Liscio, seated in the passenger's seat of an oncoming automobile, intentionally swung open the right front door of the car, causing it to strike and injure plaintiff. Subsequently, plaintiff sued Liscio and obtained a default judgment in the amount of $4,000, which included $1,000 as punitive damages. He then issued an attachment execution against the Ohio Casualty Insurance Company, hereinafter called "Ohio", which had issued a liability policy to Michael Liscio, John's father, the owner of the car.

The case was heard by the court without a jury. Ohio denied liability under the policy on the ground that plaintiff's injury was not an "accident". The court awarded a verdict to John against Ohio for $3,000, ignoring the claim for punitive damages. The principal basis for the trial court's decision was that the incident which caused plaintiff's injury was an accident because John's act was not intentional, inasmuch as he was too intoxicated to be able to form an intent. Ohio filed exceptions to the findings and conclusions on this point which we sustained on the ground that the evidence was not sufficient to support the trial court's findings.

Thereupon, plaintiff moved for a reargument on the ground that the incident in question constituted an accident covered by Ohio's policy, notwithstanding John's act was intentional, a point which was neither argued nor dealt with in our original opinion, and we granted the motion in order to deal with that particular issue. It may be added that at the time of the incident, John was using his father's car with the latter's permission, and that the car was being operated by another, Judd Youkers, inasmuch as John's operator's license was then under suspension.

The issue before us calls for construing the liability policy issued by Ohio to the father, Michael Liscio, dated August 30, 1963, particularly the words "the insured" in the provision relating to assault and battery in Part I thereof.

The following provisions of the policy are pertinent:

"Part I—Liability, Coverage A—Bodily Injury Liability—Persons insured." Each of the following is *an insured* under Part I, ". . . (1) The named insured . . . (and) (3) With respect to Automobile Hazard: (a) Any person while using, with the permission of the named insured, an automobile to which the insurance applied . . ."

The policy further states:

"The company will pay on behalf of *the insured*—all sums which *the insured* shall become legally obligated to pay as damages because of: A. Bodily injury . . . caused by *accident* . . ."

At the end of Part I appears the following:

"Assault and Battery. Assault and battery shall be deemed *an accident unless committed by or at the direction of the insured*". (Italics supplied throughout the above quotations.)

It is the position of plaintiff that while John was one of the "persons insured", inasmuch as he was using the automobile with the permission of his father, and that while John's act admittedly constituted assault and battery, it was *an accident* because it was not committed by or at the direction of Michael Liscio who, plaintiff contends, is "the insured" in the assault and battery clause. In short, plaintiff would have the court imply that the words "the insured" in the assault and battery clause mean "the named insured".

On the other hand, Ohio contends that this construction is inconsistent with plaintiff's position that the words "the insured" in the general coverage clause apply to John as well as to any other person protected

by the policy, and that he, John, having been the one who committed the assault and battery, his act is expressly excepted in the assault and battery clause, and hence was not an accident.

The issue appears to be one of first impression and is certainly not free from difficulty. For example, on behalf of defendant's position, it can be argued that throughout the policy the words "named insured" appear 15 times and the words "the insured" appear about as many times. Therefore, the terms are distinguishable. If the parties intended the exception in the assault and battery clause to apply only to the "named insured"; i.e., Michael Liscio, the owner, why did they not use those words in the exception to the assault and battery clause, instead of merely "the insured"?

Further, it could well be contended that the words "the insured" in the assault and battery clause of necessity mean "any one insured" by the policy including both Michael, the "named insured", and John, in which case John's act would come within the exception to the assault and battery clause and would not be an accident.

This position is buttressed to some extent by several cases involving employes entitled to workman's compensation. In fact, some of these cases go so far as to hold that "the insured", as distinguished from "the named insured", refers solely to the insured person who is being sued: Clark v. United Steel Barrel Co., 7 D. & C.2d 209; Mateer v. State Farm Mutual Ins. Co., 107 P. L. J. 399; Walls, to use, v. Gaines, 46 D. & C. 327. If we follow this authority and reasoning, John Liscio, the person who was originally sued by plaintiff, would, of course, be "the insured" and, he having committed the assault and battery which caused plaintiff's injury, his act was not an accident.

On the other hand, the present case does not involve workman's compensation questions, and to hold that

"the insured" referred to John would make the whole assault and battery clause meaningless. Who but some person using the automobile could commit an assault and battery upon another which would be covered by a liability policy? The clause states, in effect, that an assault and battery is normally an accident and, hence, covered, and that it is only when "the insured" commits or directs the assault and battery that the act is not an accident. To construe the clause as defendant would have us do would make it mean that an assault and battery is an accident except when it is an assault and battery.

This ridiculous result can be avoided by inquiring into the broader question: Why would an insurer undertake to insure against liability caused by accidents, and specifically include as an accident an assault and battery, yet insert an exception like the one here involved?

It seems to us that the purpose of the exception in the assault and battery clause was to guard Ohio against granting insurance coverage to a car owner and subsequently being required to reimburse him for the consequences of an intentional, wrongful act committed by him or at his direction. In other words, the parties intended by the assault and battery clause to protect any one person insured by the policy from liability for damages resulting from an assault and battery committed in the operation of the car by any of the several persons insured except the owner or "named insured", for it would be against public policy for a person, here Michael Liscio, to insure against his own wrongful act.

This position is supported to some extent by the case of Jernigan v. Allstate Insurance Company, 269 F. 2d 353, in which the driver of the insured car intentionally drove it over another. The court held that the intentional act of the driver was an accident, basing its deci-

sion on the proposition that the occurrence must be viewed from the standpoint of the injured person and, so considered, an assault and battery constitutes an accident. The Jernigan case cites 14 jurisdictions which support its rule and seven which take the opposite view, but states that in the latter cases, the assault was committed by the named insured and not, as in the instant case, an "additional" insured. See also 33 A. L. R. 2d 1027.

Finally, the principle must not be ignored that a contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer who wrote it; that where by reason of ambiguity in the language there is uncertainty as to its meaning, and it is fairly susceptible of two interpretations, the one that is favorable to the insured should be adopted: Snader v. London & Lancashire Indemnity Company of America, 360 Pa. 548. The purpose of this rule has been stated to avoid defeating a claim to indemnity which it was the insured's object to obtain: Blue Anchor Overall Company v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394.

Accordingly, while the question is an admittedly close one, we conclude that in the policy before us, the words "the insured" in the assault and battery clause refer to the "named insured"; that only the act of Michael Liscio can prevent an assault and battery from being an accident; that even though the act of John Liscio was intentional and amounted to an assault and battery, it was an accident, and that Ohio is liable for and should pay the judgment which plaintiff has obtained against him.

### Order

Now, June 6, 1966, it is ordered that our previous order entered on April 25, 1966, sustaining exceptions to findings and conclusions of the trial court and direct-

ing the judgment be entered for defendant, is hereby revoked, and it is ordered that judgment be now entered in favor of plaintiff against Ohio Casualty Insurance Company in the amount of $3,000, plus interest from February 17, 1965, or, a total judgment of $3,247.50.

EXCEPTION

Now, June 6, 1966, defendant excepts to the foregoing order and the exception is granted.