Killis W. **THAXTON** and Moses Dunkley, Plaintiffs,

v.

**FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY and United States Fidelity and Guaranty Company, Defendants.**

Civ. A. No. 67–C–2–D.

United States District Court
W. D. Virginia,
Danville Division.

Sept. 13, 1967.

Robert T. Vaughan, of Easley, Vaughan & Slayton, South Boston, Va., for plaintiff, Killis W. Thaxton.

Allan Garrett, of Garrett, Garrett & Smith, Danville, Va., for defendant, Federated Mut. Implement and Hardware Ins. Co.

Joseph M. Winston, Jr., Clement, Wheatley & Winston, Danville, Va., for defendant, U. S. Fidelity & Guaranty Co.

McLaughlin & McLaughlin, Halifax, Va., for plaintiff, Moses Dunkley.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The requirements of diversity of citizenship and amount in controversy having been met, this action was brought to determine the alleged liability of the defendant insurance companies.

The facts giving rise to this action occurred on March 7, 1966. At that time the plaintiff, Killis W. Thaxton, was a one-fourth owner and lessee of a building located on Highway 58, South Boston, Virginia. Plaintiff operated a grocery store on the ground floor of the building and rented rooms on the second floor. One of the roomers, Moses Dunkley, was injured while using an outside stairway to the second floor of plaintiff's building. Moses Dunkley brought suit against plaintiff to recover for the injuries suffered as a result of his fall on the stairs and on motion of plaintiff, the three other co-owners of the building were joined as party defendants.

On the date of the accident the plaintiff had liability insurance with the Federated Mutual Implement and Hardware Insurance Company and with the United States Fidelity and Guaranty Company. Federated Mutual refused to defend the plaintiff in the suit brought against him by Moses Dunkley on the grounds that

the policy covered only the ground floor of the building. United States Fidelity also denied liability and refused to furnish plaintiff any defense in the same suit on the grounds that it had insured the co-owners in their capacity as owners and had not insured plaintiff in his capacity as lessee of the building.

The plaintiff then brought this suit for a declaratory judgment against Federated Mutual Implement and Hardware Insurance Company, hereinafter defendant Federated Mutual, and United States Fidelity and Guaranty Company, hereinafter defendant United States Fidelity, to interpret the insurance policies and determine each defendant's liability to defend and indemnify plaintiff in Moses Dunkley's suit against him. Moses Dunkley was permitted to intervene as a party plaintiff. His action against plaintiff is now pending. The defendant Federated Mutual has made a motion for a summary judgment in its favor on the present record.

The facts surrounding the two insurance policies will be discussed separately as to the respective insurance companies.

As to defendant Federated Mutual, it claims that its policy covers only the grocery store on the ground floor and no other parts of the building. Defendant Federated Mutual contends that three things show this: (1) the information in the application for insurance; (2) the inquiry of the plaintiff as to the cost of additional liability coverage; and (3) the declarations in the insurance policy itself.

We find first of all that the application for insurance is not admissible evidence against the plaintiff. The application was signed by the plaintiff, but the information on the application was filled in by the defendant Federated Mutual after the plaintiff signed it. The plaintiff signed a blank application and the insurance agent later filled in the information before sending the application to the company for approval. No copy of the completed application was ever mailed to the plaintiff or shown to him. The application was not made part of the policy and no reference to include it was made in the policy. There is no evidence to show that the plaintiff ever saw or had knowledge of the information contained in the application. This court feels that an insurance company cannot properly limit its coverage by terms of an application which is not attached to or referred to in the actual insurance policy received by the insured.

Defendant Federated Mutual also claims that the memorandum request for additional liability coverage on behalf of the E. G. Thaxton Estate shows that its coverage does not extend to the upstairs portion of the building. The E. G. Thaxton Estate is made up of the plaintiff and the three co-owners of the building. The memorandum states:

2/10/66   UNDERWRITING DEPT.   K. W. "BUCK" THAXTON
SOUTH BOSTON, VIRGINIA

Buck is leasing this store from the E. G. Thaxton Estate.

The E. G. Thaxton Estate wants to know about O.L.T. Lessors Risk Only Liab. coverage. I am quoting them on 600′ feet of Street frontage under Code 0209. Each street here is occupied by tenants of various nature; Barber Shop, Veterinary Hospital, Mobile Home Sales lot, etc. Am I correct in using this Code? Please advise by return mail. They'd like to know by the time I see them on 2/15/66— next Tuesday.

Many thanks,

/s/  C. B. Kendrick
C. B. Kendrick

The barber shop, veterinary hospital and mobile homes sales lot which are owned by the E. G. Thaxton Estate were mentioned in the memo but the building in question which is also owned by the E. G. Thaxton Estate is not mentioned in the memo. Thus, the court's inference is that the memo does not show that the E. G. Thaxton Estate was aware that the second floor of the building was not covered. The more obvious inference is that the building was not mentioned in the memo because the E. G. Thaxton Estate thought that the building was already covered under the existing policy.

The third contention of the defendant Federated Mutual is that the declarations in the policy itself show that only the Thaxton Grocery is insured. The policy states that the defendant Federated Mutual will be liable for damages which arise out of the "ownership, maintenance or use of the *premises*" which the policy describes as "the premises designated in the declarations * * *." The only declarations referring to the premises and pertinent to the question of the property covered are number one and number three. They read as follows:

1. Named Insured and P. O. Address
   THAXTON GROCERY
   THAXTON, K W "BUCK" DBA RIVERDALE BOX 8 SOUTH BOSTON VA.

3. Location of premises: (Enter "same" if same location as above)
   1. S/S HWY 58 SOUTH BOSTON VA

The defendant Federated Mutual says that declaration number one which refers to the named insured and his address clearly shows that the grocery store on the ground floor was covered. The actual wording of declaration number one in the policy is as above, but this appears to be a transition error in copying from the application which states: "K. W. 'Buck' Thaxton d/b/a Thaxton Grocery."

In view of the following cases, this court feels that the coverage of the insurance policy was not limited by mere reference to the fact that K. W. Thaxton, plaintiff, was doing business as Thaxton Grocery.

In Liberty Mutual Ins. Co. v. Hercules Powder Co., 224 F.2d 293 (3d Cir. 1955) the court was primarily concerned with the question of products liability, but in discussing the interpretation of the name and address of the insured, the court stated that "[t]he giving of the address of the premises owned by Hercules in Pinto, West Virginia, in item 4 of the Declarations, we do not think persuasive as an exclusionary provision." 224 F.2d at 295. In Snader v. London & Lancashire Indemnity Co., 360 Pa. 548, 62 A.2d 835 (1949), the court had an additional basis for its decision, but stated that:

"[T]he "Location" of the "Premises" was stated to be "Overlook Golf Course" and "the Purposes of Use" were listed as "Golf Course," but the term "Golf Course," in both these connections, was apparently used not merely to designate the limited portion of ground laid out for that sport, but rather as descriptive of the leased premises generally, golf being the main but not the only activity carried on there." 62 A.2d at 836.

The statement that K. W. Thaxton was doing business as Thaxton Grocery appears to be merely a general description to identify the insured. Sound rules of interpretation prevent inferring a limitation of coverage from such general language. The well established rule is that ambiguous language must be constructed liberally in favor of the insured and strictly against the insurer who drafted the language of the policy. Great Lakes Transit Corp. v. Interstate Steamship Co., 301 U.S. 646, 57 S.Ct. 915, 81 L.Ed. 1318 (1937); Newsoms v. Commercial Cas. Ins. Co., 147 Va. 471, 137 S.E. 456, 52 A.L.R. 363 (1927); Combs v. Hunt, 140 Va. 627, 125 S.E. 661, 37 A.L.R. 621 (Special Ct.App.1924). This rule of interpretation has supported a finding that an insurance policy covered any working site "within the State of Texas" even though it appeared that a specific desig-

nation of a building or office should have been made. The insurance company had drafted the policy and had it intended to restrict coverage to a specific area, it could have expressly provided so. Associated Indemnity Corp. v. National Surety Corp., 287 S.W.2d 714 (Civ.App. Tex.1956). The same principles apply to the present action. Had the defendant Federated Mutual intended to limit its coverage, it should have expressly provided so. The designation of insured as d/b/a Thaxton Grocery is not sufficiently unambiguous to infer a limitation of coverage.

Thus as to defendant Federated Mutual, this court feels that under a proper interpretation of the insurance policy, defendant Federated Mutual must defend the suit against plaintiff and bear the cost of any judgment against plaintiff, to the extent such judgment does not exceed the monetary limit of the insurance policy.

The second defendant, United States Fidelity, also refuses to provide plaintiff a defense or accept any possible liability in Moses Dunkley's action against plaintiff but on the grounds that its policy covered the co-owners only in their capacity as owners and not plaintiff in his capacity as lessee. The defendant United States Fidelity has furnished the three other co-owners a defense in Moses Dunkley's suit.

Plaintiff claims that his policy with the defendant United States Fidelity covers plaintiff as a one-fourth owner and operator, possessor and controller of the building in question. The defendant United States Fidelity contends that the plaintiff operated the premises in question in sole and exclusive possession and that the policy provided plaintiff no coverage as operator of the premises or as tenant of the three co-owners.

We find upon examination of the terms of the policy that the defendant United States Fidelity's policy does cover plaintiff but only to the extent that he incurs liability as an owner of the premises. It does not cover plaintiff in his capacity as a tenant of his co-owners nor as an operator of the premises. The declarations pertinent to the question of the coverage of the policy are as follows:

Named Insured & Address (No. & Street, City, County, State)

ERNEST G. THAXTON, ESTATE
SOUTH BOSTON
VIRGINIA

Interest of Named Insured in premises (Enter "Owner," "General Lessee" or "Tenant")

OWNER

Business of the Named Insured is

PROPERTY OWNER

■■ The policy as shown above designates the Ernest G. Thaxton Estate as the named insured and, as previously stated, plaintiff is one of the four members of that Estate. In view of these facts there should be no question that plaintiff is covered as a member of the Estate. But despite these facts it appears that the defendant United States Fidelity is claiming that the plaintiff is not a member of the Estate under the policy. This is shown by the pleadings and by the fact that the defendant United States Fidelity has furnished a defense only to the three other members of the Estate. The court, however, in light of all the terms of the policy finds that the designation of the named insured as the Ernest G. Thaxton Estate includes the plaintiff as a member. The important point is that the policy does not by any other terms state that the plaintiff is not a member of the Estate for the purposes of the policy. Therefore, the plaintiff must be taken to be covered as a member of the Estate because if the defendant United States Fidelity wanted to specifically exclude the plaintiff from the policy's coverage, it should have provided so. Since plaintiff was not excluded and is a member of the Estate, he is covered. An insurance company cannot except from the coverage of its policy a member of a class designated as the named insured unless the policy specifically provides so.

■ The plaintiff is covered under the policy but only as an owner of the

premises and not as a lessee. Under the section of the policy referring to the interest of the named insured it says "owner" and under the section referring to the business of the named insured it says "property owner." There is nothing to show that the policy was intended to cover plaintiff as a lessee and upon interpretation of these provisions of the policy we feel it is reasonable to conclude that the plaintiff, as a member of the Ernest G. Thaxton Estate, was covered only in his capacity as an owner. The plaintiff was a one-fourth owner and the protection provided by the policy to the owners accrues to him.

That the policy only covered plaintiff as an owner and not as a lessee is also shown by the fact that it had a provision called a landlord's protective liability endorsement attached. Under this provision an insured may obtain coverage on certain premises at fifty per cent of the normal rate if he leases at least ninety per cent of those premises to someone who thereby assumes control except for maintenance and repairs. The rate on the particular area is reduced because the insured's exposure to liability is somewhat decreased. Here the plaintiff was a lessee in control and the Estate obtained the benefit of this endorsement. The use of the endorsement points to the fact that the plaintiff was covered only as an owner because such endorsement inures only to the benefit of an owner, that is, only an owner or landlord is in a position to lease the property to another and obtain the benefit of this provision which is called a "LANDLORD'S PROTECTIVE LIABILITY" provision. Had the policy covered plaintiff as a lessee, he would not have been able to attach this provision.

It is therefore adjudged and ordered that the defendant Federated Mutual's motion for a summary judgment and judgment on the pleadings be denied and that it defend the suit against plaintiff and bear the cost of any judgment against plaintiff to the extent such judgment does not exceed the monetary limit of the insurance policy. It is also or-dered that the defendant United States Fidelity defend plaintiff and indemnify him but only to the extent that he is found liable as an owner of the premises and only to the extent that the judgment does not exceed the monetary limit of the policy.